UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN BETTINA WILLIAMS,

    Plaintiff,                                      Case No. 17-14047

v.                                               HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

ORDER ADOPTING REPORT AND RECOMMENDATION TO
DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND AFFIRM THE COMMISSIONER'S DECISION (Doc. 14)

On February 19, 2019, Magistrate Judge Anthony P. Patti issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Patti recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Plaintiff, Carolyn Bettina Williams, filed objections to the report and recommendation, to which the Commissioner has responded.

STANDARD OF REVIEW

With respect to reports and recommendations from magistrate

judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

An ALJ's credibility determination is "to be accorded great weight and

deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Absent a "compelling reason," the court may not disturb an ALJ's credibility finding, which is "virtually unchallengeable." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. Appx. 508, 511 (6th Cir. 2013).

ANALYSIS

Plaintiff's application for social security disability benefits was denied after a hearing before an administrative law judge, which became the final decision of the Commissioner. The ALJ found that Plaintiff suffers from the following severe impairments: spine disorder and disorder of muscle, ligament, and fascia; asthma; fibromyalgia; osteoarthrosis; bilateral carpal tunnel syndrome; and affective disorder. The ALJ concluded that although Plaintiff could not return to her past relevant work as a direct care supervisor or child care provider, she has the residual functional capacity to perform light work, with certain restrictions. Magistrate Judge Patti, upon review of the record and the parties' cross-motions for summary judgment, recommends that the court affirm the Commissioner's decision. Plaintiff raises several objections to the magistrate judge's report and recommendation.

I. Objections 1-3

Plaintiff's first three objections concern the ALJ's credibility determination. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. at 44. In support, the ALJ pointed to portions of the record in which her doctors recorded "normal findings" despite Plaintiff's complaints of severe pain. *Id.* The ALJ further noted "post-operative improvement in her lumbar spine" and that Plaintiff reported that she was "able to fix simple meals and occasionally do her laundry." *Id.* The ALJ stated that "[a]lthough these activities do not establish the ability to maintain substantial gainful activity, they do suggest a greater ability to stand and walk, [than] the claimant's subjective allegations of pain and dysfunction would suggest." *Id.*

After a careful review of the ALJ's decision and the record, the magistrate judge concluded that the ALJ's credibility determination was supported by substantial evidence. Doc. 14 at 8-19. Indeed, the court's review of the record reveals that the ALJ accurately cited and characterized portions of the record that were inconsistent with Plaintiff's subjective complaints. *See id.*; R. at 245-46, 338-40, 343-45, 402. Although Plaintiff points to evidence in the record that supports her subjective complaints, the

ALJ's assessment is nonetheless also supported by evidence in the record. *Id.* *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."). In light of the deferential standard of review, the court finds Plaintiff's objections to the magistrate judge's assessment of the ALJ's credibility determination to be without merit.

II. <u>Objection No. 4</u>

Plaintiff also objects to the ALJ's findings regarding her RFC, which provides that Plaintiff can engage in light work, including frequent handling. Before the magistrate judge, Plaintiff argued that this RFC was unsupported, given Plaintiff's "ongoing problems and recent carpal tunnel/stenosing tenosynovitis surgery." Doc. 8 at 9. The magistrate judge found support for the RFC in the record, including the opinion of state agency medical consultant Dr. Ramirez-Jacobs. Doc. 14 at 23-25.

Plaintiff contends that the ALJ relied upon "an incomplete medical record" and did not consider her diagnosis of tenosynovitis and the "locking" of her fingers. Doc. 15 at 7-8. Plaintiff's argument does not identify an alleged error made by the magistrate judge, but rather raises a

- 5 -

new issue that the magistrate judge did not have the opportunity to address. *Compare* Doc. 15 at 7-8 *with* Doc. 8 at 9. "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Nonetheless, a review of the record shows that the magistrate judge correctly found the support for the RFC. Plaintiff has not demonstrated that the magistrate judge erred.

## CONCLUSION

The court agrees with the magistrate judge's comprehensive analysis. Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Patti's report and recommendation (Doc. 14) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 8) is DENIED, Defendant's motion for summary judgment (Doc. 12) is GRANTED, Plaintiff's objections (Doc. 15) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated: March 25, 2019

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 25, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Deputy Clerk